UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

DANIEL GROISMAN,  : CIVIL ACTION NO. 16-cv-1369 (CBA)

        Plaintiff,

vs.  : **AMENDED COMPLAINT AND JURY DEMAND**

MOSHE FELER a/k/a FELLER a/k/a
YOSEF FELER a/k/a FELLER, JEFFREY
ZWICK & ASSOCIATES, JEFFREY
ZWICK, ESQ., LAW OFFICES OF N.C.
CALLER, P.C., CARL N. CALLER, JOHN
DOES #1-5 and XYZ CORPORATIONS
#1-5,

        Defendants.

---

Plaintiff, DANIEL GROISMAN, by his attorney, Joseph H. Neiman, Esq., complaining of the defendants, MOSHE FELER a/k/a FELLER a/k/a YOSEF FELER a/k/a FELLER, JEFFREY ZWICK & ASSOCIATES, JEFFREY ZWICK, ESQ., LAW OFFICES OF N.C. CALLER, P.C., CARL N. CALLER, JOHN DOES #1-5 and XYZ CORPORATIONS #1-5, alleges as follows upon information and belief:

### NATURE OF THE CASE

1.    This is an action brought by Daniel Groisman against Moshe Feler a/k/a Feler a/k/a Yosef Feler a/k/a Feller, Jeffrey Zwick & Associates, Jeffrey Zwick, Esq., Law Offices of N.C. Caller, P.C., Carl N. Caller, John Does #1-5 and XYZ Corporations #1-5 wherein plaintiff is alleging that he was defrauded, the victim of Breach of Fiduciary Duty, Conversion and Negligence. By this action, Plaintiff seeks money

damages for Fraud, Conversion, Aiding and Abetting Fraud, Breach of Fiduciary Duty, Negligence and punitive damages plus interest, costs, disbursements, attorney's fees.

## JURISDICTION AND VENUE

2. This Court has jurisdiction under 28 U.S.C. Sec. 1332:a:2. The action is between citizens of different states and the matter in controversy exceeds $75,000.00 exclusive of interest and costs.

3. Venue is proper in this district pursuant to 28 U.S.C. Sec. 1391, as defendants reside and/or do business in the Eastern District of the State of New York. This cause of action arose within the Eastern District of the State of New York. Venue is therefore proper under 28 U.S.C. 1391.

## PARTIES

4. Plaintiff, Daniel Groisman, is an individual residing in Argentina.

5. Defendant, Moshe Feler a/k/a Feller a/k/a Yosef Feler a/k/a Feler is an individual residing at 1734 60TH Street, in the City of Brooklyn, County of Kings, State of New York.

6. Defendant, Jeffrey Zwick & Associates is a Law Firm with its principal place of business located at 266 Broadway Avenue, Suite 403, in the City of Brooklyn, County of Kings, State of New York.

7. Defendant, Jeffrey Zwick, Esq., is an attorney and a member in the law firm of Jeffrey Zwick & Associates is a Law Firm with its principal place of business located at 266 Broadway Avenue, Suite 403, in the City of Brooklyn, County of Kings, State of New York.

8. Defendant, N.C. Caller, P.C., is a Law Firm with its principal place of business located at 266 Broadway Avenue, Suite 403, in the City of Brooklyn, County of Kings, State of New York.

9. Defendant, Carl N. Caller, is an attorney and a member in the law firm of N.C. Caller, P.C. with its principal place of business located at 266 Broadway Avenue, Suite 403, in the City of Brooklyn, County of Kings, State of New York.

### AS AND FOR A FIRST CAUSE OF ACTION
### ON BEHALF OF THE PLAINTIFF

10. Plaintiff, repeats and realleges each and every allegation contained in the Paragraphs 1 through 9 of this Complaint as though each were fully set forth at length herein.

11. In or around the summer of 2011, plaintiff was introduced to defendant Feller. At that time and immediately thereafter Defendant Feller, without request, suggestion or prior knowledge of or by the Plaintiff, solicited and persuaded plaintiff to invest in a real estate project in Brooklyn, New York.

12. At that time and thereafter Defendant Feller, in an effort to secure the investment of Plaintiff provided specific details and specifications of the project and the investment to the plaintiff. These details and specifications of the project and the investment were provided by the defendant to the plaintiff orally and in writing.

13. Plaintiff was informed and directed by Defendant that plaintiff and defendant were each to invest $3,000,000 (three million dollars).

14. Defendant Feller provided the wiring information of the attorney trust account to wire said funds.

15. Plaintiff in compliance with the terms of the agreement, as specified by defendant, invested $3,000,000 and Defendant Feller was to invest $3,000,000. The total investment of $6,000,000, from Plaintiff and Defendant, was specifically allocated for the acquisition of property located at 168 Meserole Street in Brooklyn, New York as well as other costs in obtaining financing for the development project.

16. In accord with the instructions provided by Feller and in reliance on the representations provided by Feller as delineated herein, on or about September 28 and 29, 2011 plaintiff sent wires into the attorney trust account of Carl N. Caller as directed by and supervised by Jeffrey Zwick, Esq. in the total amount of $3,000,000.00.

17. Defendant Feller informed plaintiff that defendant Zwick, who worked for defendant Carl N. Caller, would be the attorney responsible for all legal matters concerning this project and would be acting to protect the interests of the Plaintiff and Defendant Feller. In fact part of the use of proceeds of the investment made by Plaintiff was to secure the legal services of Defendants Zwick and Carl N. Caller.

18. Defendant Feller further advised plaintiff that he had retained Zwick to represent him (Feller) and plaintiff individually.

19. At some point in time the deal to purchase the property at 168 Meserole Street in Brooklyn, New York fell through.

20. Although both Zwick and Feller had an absolute duty to advise plaintiff that the deal had fallen through, plaintiff was not so advised.

21. In fact, after the deal had fallen through, defendant Feller continued to advise plaintiff that the deal was still ongoing.

22. The funds plaintiff forwarded to his attorney Zwick, were never used for the purchase of the subject premises or for any expenses related to the project except for fees to Zwick.

23. Subsequent to plaintiff placing the funds with Caller for investment by Plaintiff, Defendant Zwick left the offices of N.C. Caller, P.C. and opened a law office under the name of Jeffrey Zwick & Associates.

24. Unbeknownst to plaintiff, Defendant Zwick removed Plaintiff's funds from Caller's trust account and transferred the funds to his own trust account.

25. This transfer of funds by Defendant Zwick was undertaken and concluded without plaintiff's knowledge or authority.

26. Thereafter Defendant Zwick removed Plaintiff's funds from his own trust account and transferred those funds for utilization in a real estate transaction in Bergen County, New Jersey.

27. At that time, Zwick was still acting as plaintiff's attorney.

28. Plaintiff had no knowledge of this transaction and was not a party to this investment.

29. The release of Plaintiff's funds by Defendant Zwick for said transaction was done without the knowledge, authority or agreement of the plaintiff.

30. During the period of time that plaintiff's funds were unlawfully transferred and wrongfully and unknowingly allocated for the acquisition of real estate in Bergen County, defendant Feller continued to advise, inform and confirm to the plaintiff that the $3,000,000 invested by the Plaintiff was being applied and utilized for the Brooklyn project originally specified by Defendant Feller.

31. Upon discovery by Plaintiff that the funds he invested were misappropriated into a real estate deal in Bergen County, New Jersey, plaintiff, through various representatives contacted both defendant Feller & Zwick.

32. Defendant, Zwick told plaintiff's representative Norman Eisen that Zwick had plaintiff's written permission to move the funds to the Bergen County deal.

33. Said statement was false as plaintiff never gave Zwick such permission.

34. By not informing plaintiff that the Meserole deal was dead and that his funds were going to be used in another deal Zwick breached his duty to plaintiff and aided and abetted Feller in his fraud.

35. Further, Zwick knew plaintiff's funds that were in Zwick's possession were not to be used for any purpose other than purchasing the Meserole property.

36. Zwick chose not to inform plaintiff that the Meserole deal fell through and aided and abetted Feller with his fraud when he knew plaintiff had no knowledge the Meserole deal was not taking place and that Feller, with Zwick's aid, intended on using plaintiff's funds for another transaction without plaintiff's permission.

37. Defendant Feller with the aid of Zwick fraudulently and willfully converted, removed, transferred and asserted personal dominion over the funds invested by Plaintiff and unlawfully allocated Plaintiff's funds for his own benefit without the knowledge, consent or authority of the Plaintiff. The Plaintiff has suffered substantial damage as a direct result of Defendant Feller's fraud, misrepresentation and deceit.

### AS AND FOR A SECOND CAUSE OF ACTION
### ON BEHALF OF THE PLAINTIFF

38. The Plaintiff repeats and realleges all of the allegations contained in paragraphs 1-37 of this compliant as if fully set forth at length herein.

39. At all times mentioned herein, Defendant, Caller had a fiduciary duty concerning the funds he received in his trust account from plaintiff.

40. Caller knew or should have known the funds belonged to Groisman.

41. As the attorney responsible for the funds entrusted to him, Caller, in compliance with the fundamental legal and fiduciary duties to which he was obligated, wrongfully released Plaintiff's funds without clear and unambiguous authority, information or direction as it pertains to the ownership of the funds and the application of those funds as directed by the owner. Defendant Caller's abject and complete failure to adhere to any minimal standard of professional conduct was a direct cause of consequential and extensive damage to plaintiff.

### AS AND FOR A THIRD CAUSE OF ACTION
### ON BEHALF OF THE PLAINTIFF

42. The Plaintiff repeats and realleges all of the allegations contained in paragraphs 1-41 of this compliant as if fully set forth at length herein.

43. At all times mentioned herein, Defendant, Zwick had a fiduciary duty concerning the funds he received in his trust account that belonged to plaintiff.

44. Zwick knew the funds belonged to Groisman.

45. As the attorney responsible for the funds entrusted to him, Zwick, in compliance with the fundamental legal and fiduciary duties to which he was obligated, wrongfully released Plaintiff's funds without clear and unambiguous authority, information or direction as it pertains to the ownership of the funds and the application of those funds as directed by the owner.

46. Defendant Zwick's abject and complete failure to adhere to any minimal standard of professional conduct was a direct cause of consequential and extensive damage to plaintiff.

### AS AND FOR A FOURTH CAUSE OF ACTION
### ON BEHALF OF THE PLAINTIFF

47. The Plaintiff repeats and realleges all of the allegations contained in paragraphs 1-46 of this compliant as if fully set forth at length herein.

48. At all times mentioned herein, defendant Zwick acted as plaintiff's attorney.

49. Zwick's actions, including but not limited to failing to advise plaintiff that the Meserole deal was dead, forwarding plaintiff's money to another project without plaintiff's authority, knowledge or consent and the transfer of trust funds from Defendant Feller's trust account to his own without the authority, knowledge or consent of Plaintiff constitutes negligence.

50. As a result of Zwick's actions, plaintiff has been damaged.

### AS AND FOR A FIFTH CAUSE OF ACTION
### ON BEHALF OF THE PLAINTIFF

51. The Plaintiff repeats and realleges all of the allegations contained in paragraphs 1-50 of this compliant as if fully set forth at length herein.

52. Defendants, Caller and Zwick, had actual knowledge that Feller was perpetuating a fraud on Groisman.

53. Both Caller and Zwick aided and abetted Feller in the perpetuation of his fraud upon Groisman.

54. Both Caller and Zwick are liable to Groisman for damages due to their aiding and abetting Feller in his scheme against Groisman.

### AS AND FOR A SIX CAUSE OF ACTION
### ON BEHALF OF THE PLAINTIFF

55. The Plaintiff repeats and realleges all of the allegations contained in paragraphs 1-54 of this compliant as if fully set forth at length herein.

56. Both Zwick and Caller accepted plaintiff's funds in trust. They each had an implied contract with plaintiff to administer those trust funds with care, diligence and in accord with the specific directions of the Plaintiff or return same to plaintiff.

57. Both Zwick and Caller exerted unilateral and unauthorized dominion over the trust funds of Plaintiff and failed to deliver the funds as required by law per plaintiff's instructions.

### AS AND FOR A SEVENTH CAUSE OF ACTION
### ON BEHALF OF THE PLAINTIFF

58. The Plaintiff repeats and realleges all of the allegations contained in paragraphs 1-57 of this compliant as if fully set forth at length herein.

59. John Does and XYZ Corporations are either individuals or business entities that may have benefited from the actions herein or performed work in conjunction with the issues herein and thus legally obligated to plaintiff but unknown to plaintiff at this time.

WHEREFORE, Plaintiff respectfully prays this court enter judgment on all Counts for compensatory damages in the sum of $3,000,000.00, punitive damages to be determined by the trier of fact, attorney's fees to be determined by the court, as well as

interest and costs incurred in this action and for such other further relief as this court deems just and proper.

Dated: September 15, 2016

_____
Joseph H. Neiman, Esq.
Attorney for Plaintiffs
179-36 80th Road
Jamaica Estate, NY 11432
(201) 487-0061

## JURY DEMAND

Plaintiff demands trial by jury with respect to all issues so triable.

Dated: September 15, 2016

_____
Joseph H. Neiman, Esq.
Attorney for Plaintiffs
179-36 80th Road
Jamaica Estate, NY 11432
(201) 487-0061